United States Courts
Southern District of Texas
FILED

NOV 28 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY D. JACKSON AND SUPERIOR CONSULTING GROUP § § | | |
| Plaintiffs, § § | Case 4:23-cv-03165 | |
| v. § | | |
| PLANET HOME LENDING AND AMCAP MORTGAGE LTD. § § Defendants. § | | |

## PLANTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Anthony D. Jackson and Superior Consulting Group ("Plaintiffs") asks the Court to deny Defendant's Planet Home Lending ("Defendant") Motion to Dismiss. For the reasons set forth below, Plaintiffs requests that this Court deny the Motion to Dismiss in its entirety; and would show unto the Court as follows:

### I. INTRODUCTION

Plaintiffs filed their Original Petition and Application for Temporary Restraining Order on March 31, 2023, in District Court of Harris County, Texas. Defendant Amcap, then subsequently removed the case to this Court and now the Defendant Planet Home Lending has filed a Motion to Dismiss on the pleadings alleging that the Plaintiffs did not properly please facts sufficient to support the claims against the Defendants.

Plaintiffs now file this response asking the Court to deny the Defendants' Motion to Dismiss in its entirety and to allow the parties to conduct discovery and address the merits of the

1

claims against all Defendants. In the alternative, should the Court find that one or more of Plaintiffs' theories of recovery are not properly pled, Plaintiffs respectfully requests that this Court grant Plaintiffs leave to amend the pleading.

## II. ARGUMENTS AND AUTHORITIES

### A. Dismissal is not Property under Rule 12(B)(6)

Rule 12(b)(b) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court held that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.3 A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible. When considering Defendant's motion to dismiss, the Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff. Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the Court grant Defendant's Motion. If the factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiffs to some relief, the Court should overrule Defendant's motion. Granting a motion to dismiss is a "disfavored" practice. Plaintiffs are not required to "establish" any facts until either a motion for summary judgment is filed or at the trial itself. As Plaintiffs will establish below, Plaintiffs have alleged sufficient facts to state a claim for relief that is "plausible on its face." Accordingly, Defendants' Motion to Dismiss should be denied. Should the Court find that one or more of Plaintiffs' theories of recovery are not properly pled, Plaintiffs respectfully requests that this Court deny Defendant Planet Home Lending's Motion to Dismiss and grant Plaintiffs leave to amend his pleading if needed.

### III. SUMMARY OF THE ARGUMENT

Plaintiffs' constitutional allegations are well-pled and supported by evidence. Plaintiffs' challenges to the chain of title are well-pled and supported by evidence. Plaintiffs have standing to challenge that the chain of title to the loan is broken. Defendants have failed to offer sufficient evidence of an unbroken chain of title since they failed to inform the Court of the identity of the parties.

Plaintiffs' challenges to the assignment are well-pled and support by evidence as shown by Plaintiffs' MERS related allegations would render the assignment void *ab initio* and Plaintiffs' evidence creates a genuine issue of disputed fact as to whether the assignment is void *ab initio*.

Plaintiffs' quiet title and declaratory judgment claims survive as do Plaintiffs' claims for attorney's fees and injunctive relief.

After the filing of the Plaintiffs' petition in State and the subsequent removal to Federal Court, the Plaintiffs' have been made aware of a fraudulent foreclosure sale which was not conducted properly, as it was not noticed in two places in Harris County and was not conducted in the proper place as noticed by the Defendant's notice of sale. Plaintiffs' belief is that the sale never even occurred and thus creating a fraudulent sale and transfer of title.

## V. <u>CONCLUSION AND PRAYER</u>

Considering all the foregoing, Plaintiffs respectfully requests that the Court deny all relief sought by Defendant in their Motion to Dismiss; alternatively, should the Court determine that a more definite statement as to any claim would be necessary in the interest of justice, that Plaintiffs be permitted to replead to that effect and to cure any inadvertent errors of date or party reference.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Court deny Defendant's Motion to Dismiss or in the alternative, permit Plaintiff leave to amend his Original Petition.

**Respectfully Submitted,**

**LAW OFFICE OF RHONDA SHEDRICK ROSS**

By: */s/ Ronda Shedrick Ross*

**Rhonda Shedrick Ross**
Attorney at Law
State Bar No. 17299600

121 East 12th, Suite 6
Houston, TX 77008

281-845-9330 Telephone
rhonda@rhondarossattorney.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was electronically filed and served on the following via the Court's CM/ECF's system pursuant to the Federal Rules of Civil Procedure or by first class mail on this the 20th day of November 2023 to all parties of record.

/s/ Rhonda S. Ross
Rhonda S. Ross