UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Anthony D. Jackson and Superior Consulting Group** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | |
| | § | Case 4:23-cv-03165 |
| **Planet Home Lending and AmCap Mortgage Ltd.** | § § § § | |
| **Defendants.** | § § | |

### DEFENDANT PLANET HOME LENDING, LLC'S
### REPLY SUPPORTING RULE 12(C) DISMISSAL MOTION

Plaintiffs Anthony D. Jackson and Superior Consulting Group's (**Superior**) response merely asserts conclusory statements their claims are well-pled. They do not cite any authority or otherwise attempt to address defendant Planet Home Lending's (**PHL**) legal arguments. Their response confirms this case was nothing more than a foreclosure delay tactic.

### I.   ARGUMENT & AUTHORITIES

**A.   Plaintiffs waived or abandoned their claims.**

Plaintiffs plead a RESPA claim and entitlement to an accounting but did not address them in their response. (*See* doc. 1-14 at 7; doc. 5 at 8-10; doc. 11.) Likewise, they did not directly respond to any of PHL's legal arguments or defenses. (*See* doc. 5; doc. 11.) Without citing any authority, plaintiffs merely state their claims are "well-pled and supported by evidence"; they have standing to bring them; and their claims survive PHL's dismissal motion. (*See* doc. 11 at 3.) Plaintiffs' failure to pursue their claims renders them waived or abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 585, 588 n.1 (5th Cir. 2006) (plaintiff abandoned claim when she failed to defend her allegations in response to defendant's dismissal motion); *Draper v. Deutsche Bank*

*Nat'l Tr. Co. as Tr. For Saxon Asset Sec. Tr. 2007-3, Mortg. Loan Asset Backed Certificates, Series 2007-3,* No. 3:18-CV-02904-L, 2019 U.S. Dist. LEXIS 246885, at *7 (N.D. Texas. Sept. 30, 2019) (same).

### B.     Plaintiffs cannot raise new claims in a dismissal motion response.

Plaintiffs claim their "constitutional allegations are well-pled", their "MERS related allegations would render the assignment *void an initio*", and their "quiet title … claim[] survive[s]." (Doc. 11 at 3.)  Plaintiffs do not raise any constitutional or quiet title claims in their complaint. (*See generally* doc. 1-14.)  Nor do they use the word "MERS" or challenge the chain of title to PHL. (*Id.*)  "[I]t is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-CV-00173, 2018 U.S. Dist. LEXIS 219528, at *4 (S.D. Tex. Dec. 21, 2018).

### C.     Plaintiffs' presumed challenges to the September foreclosure sale fail.

Plaintiffs allege that after defendant's removal on August 28, 2023, they were "made aware of a fraudulent foreclosure sale". (Doc. 11 at 3.)  Plaintiffs presumably refer to the September 5, 2023 foreclosure sale.  In conclusory fashion, plaintiffs allege the sale was not "noticed in two places in Harris County and was not conducted in the proper place." (*Id.*)  Plaintiffs do not identify the two places in which the notice should have been posted.  Their allegations regarding the location of the sale are equally vague—in one sentence alleging the sale "was not conducted in the proper place" and in the very next sentence alleging "the sale never even occurred". (*Id.*)  Regardless, PHL's dismissal motion and supporting evidence disproves their claims.

The property code requires notice of sale be given at least 21 days before the sale by: (**1**) posting notice at the courthouse door in the county in which the property is located, (**2**) filing notice with the county clerk of each county in which the property is located, and (**3**) serving notice by

certified mail on each debtor obligated to pay the debt. TEX. PROP. CODE § 51.002(b)(1)-(3). The substitute trustee's deed provides notice was posted "at the courthouse door of Harris County, Texas, least-twenty-one (21) days preceding the date of the sale", (doc. 5-1 at 46); the notice was filed with the Harris County Clerk on July 7, 2023—60 days before the sale, (doc. 5-1 at 54); and notice was mailed to Mr. Jackson, the only debtor obligated to pay the loan, via certified mail, return receipt on July 18, 2023—49 days before the sale (doc. 5-1 at 65-71). Harris county was also the appropriate location for the sale because the property is located there. (*See* doc. 5-1 at 8 (legal description provides the property is in Harris County).) *See* TEX. PROP. CODE § 51.002 ("the sale must take place at the county courthouse in the county in which the land is located").

## II.   CONCLUSION

Plaintiffs assert baseless claims to delay and/or void foreclosure. This court should dismiss all their claims with prejudice and grant PHL all further relief to which it is justly entitled.

Date: December 1, 2023                                  Respectfully submitted,

                                                               */s/ C. Charles Townsend*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
--*Attorney in Charge*
Taylor D. Hennington
SBN: 24116508, FBN: 3597797
thennington@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945-229-6380
Facsimile:  312-704-3001

**ATTORNEYS FOR PLANET HOME LENDING, LLC**

## **CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on December 1, 2023 as follows:

**VIA ECF**
Rhonda Ross
Law Office of Rhonda S. Ross
121 East 12th, Suite 6
Houston, Texas 77008
*Plaintiffs' Counsel*

Damian W. Abreo
Hughes Watters Askanase, LLP
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
*Defendant AmCap Mortgage Ltd.'s Counsel*

                                                         */s/ C. Charles Townsend*
                                                        C. Charles Townsend